**Luis R. AGAG, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 04–3019.

United States Court of Appeals, Federal Circuit.

Sept. 10, 2004.

Luis R. Agag, pro se.

John H. Williamson, Todd M. Hughes, David M. Cohen, Washington, DC, for Respondent.

Before CLEVENGER, RADER, and DYK, Circuit Judges.

PER CURIAM.

Luis R. Agag seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming the decision of the Office of Personnel Management ("OPM") dismissing his application for an annuity pursuant to the Civil Service Retirement System. *Agag v. Office of Pers. Mgmt.*, No. SE0831030284–I–1 (July 25, 2003). We *affirm*.

I

Mr. Agag worked for the Department of the Navy at Subic Bay in the Philippines for approximately 27 years until he resigned on July 17, 1987. On December 27, 1988, OPM denied his application for an annuity. The instructions enclosed with the denial letter informed Mr. Agag of his right to seek reconsideration of the adverse decision and also that any such petition for reconsideration must be filed within 30 calendar days from the date of OPM's decision. The instructions provided further that OPM can extend the 30–day time limit if Mr. Agag can show that he was not informed of or otherwise aware of the time limit, or that he was prevented from responding timely by circumstances beyond his control.

Because the Board only has jurisdiction to hear challenges to reconsideration deci-

sions by OPM, an annuitant applicant must seek OPM's reconsideration of a negative initial decision prior to an appeal to the Board. *See* 5 U.S.C. § 8347(d) (2000); 5 C.F.R. §§ 831.109, 831.110 (2004); *Begosa v. Office of Pers. Mgmt.*, 41 M.S.P.R. 1, 3 (1989). Given the date of the initial decision by OPM denying Mr. Agag's request for an annuity, he needed to file his request for reconsideration with OPM by January 26, 1989. However, he did not file his reconsideration request until 2002, more than 14 years later. In his petition, Mr. Agag discussed the merits of his case, but did not address the timeliness, or rather lack thereof, of his reconsideration request. In its March 30, 2003, reconsideration decision, OPM found that Mr. Agag had not justified an extension of the 30-day time limit, and accordingly dismissed his request. Mr. Agag then appealed to the Board.

## II

Mr. Agag did not request a hearing, and consequently the administrative judge assigned to his case decided his appeal on the written record. The administrative judge found that Mr. Agag had not claimed, let alone established, that OPM failed to notify him of his obligation to seek reconsideration in a timely fashion. Mr. Agag claimed instead that circumstances beyond his control—namely, that OPM misled him as to the address to which he must send his reconsideration request—prevented him from timely requesting reconsideration. The administrative judge recognized that the post office box number and the zip code to which reconsideration requests were to be mailed changed at some point between 1988 and 2002. But the administrative judge rejected Mr. Agag's argument because he made no showing that he filed a reconsideration request at any time prior to December 2002 using any address.

Because Mr. Agag had not shown that his failure to file on time was due to circumstances beyond his control, the administrative judge affirmed OPM's rejection of Mr. Agag's reconsideration request. When Mr. Agag did not seek review from the full Board, the initial decision of the administrative judge became the final decision of the Board, and Mr. Agag timely sought review in this court.

## III

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. When the Board's final decision rests on findings of fact, those findings must be supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2000).

The law is clear that the Board only has jurisdiction to consider reconsideration decisions of OPM. Here, OPM issued a reconsideration decision stating that the request for reconsideration was out of time and that the untimeliness was not justified. The Board on full review of the record concluded that Mr. Agag had (a) filed an untimely reconsideration request and (b) failed to offer any justification for the late filing. Since substantial evidence supports both of these findings, and since the findings together result in there never having been a reconsideration decision on the merits for the Board to review, the Board was correct to affirm the decision of OPM.

We find no error in the Board's final decision, and we therefore affirm.